FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 28 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE U.S. DISTRICT COURT EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RON CHRISTOPHER DALE,  )
                       )
        Plaintiff,     )
                       )
v.                     )   Case No. 4:11-CV-0523 SWW
                       )
UNION PACIFIC RAILROAD COMPANY,  )
                       )   This case assigned to District Judge Wright
        Defendant.     )   and to Magistrate Judge Young

Serve:  Union Pacific Railroad Company
        c/o The Corporation Company
        124 W Capitol Avenue, Suite 1900
        Little Rock, AR 72201

## COMPLAINT

Ron Christopher Dale ("the plaintiff") brings this action for personal injuries he sustained while working for the Union Pacific Railroad Company ("the Defendant"). For his Complaint, the Plaintiff for his cause of action states as follows:

### COUNT I

### GENERAL NEGLIGENCE

#### The Parties, Jurisdiction and Venue

1. The plaintiff brings this action for negligence under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51, et seq. This court has jurisdiction under 45 U.S.C. 56 and 28 U.S.C. 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b).

2. At all times relevant, the Plaintiff, was a resident of Olive Branch, Desoto

County, Mississippi 38654.

3.     At all times relevant to this lawsuit, the Plaintiff was employed by the Defendant as a truck driver.

4.     The Defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States. At all times relevant to this Complaint, the Defendant has conducted business in the State of Arkansas. The Defendant's registered agent for service of process appears in the caption of this Complaint.

5.     On or about August 23, 2009, while Plaintiff was employed by and working for Defendant as a truck driver, it became and was his duty to drive a 1996 model International truck from Memphis to Wynne, Arkansas.   This large thirteen year old hi-rail truck with a crane had been heavily used over the years and was badly dilapidated. In fact, the driver's seat, which was an air suspension seat was so dilapidated, the inside of the seat could be seen, exposing iron and other materials not intended for exposure. In addition to the poor cushioning, lack of protection and worn condition of the exterior, the seat's air suspension did not work properly due to an air leak from one of the compartments within the seat, consistently causing a crooked and lopsided effect for seating. Very often the seat would be uneven and go up and down without proper suspension, positioning and protection. As a direct result of the condition of the seat, Plaintiff was caused to sustain severe, permanent, painful and disabling bodily injuries as hereinafter described.

6. As a result of the poor condition of the seat and circumstances requiring him to repetitively vibrate and bounce without proper alignment of his spine, plaintiff sustained severe back injury requiring him initially to undergo epidural steroid injections, the wearing of a brace, and physical therapy. He eventually had multiple MRIs, which showed a disc herniation, was forced to endure work hardening in his condition, and underwent a total of three surgeries: two hemilaminectomies and disckectomies and finally, a disckectomy and fusion. Plaintiff's strength, use and function of his body, and specifically, his back has been permanently weakened, diminished, and impaired.

7. At all times relevant to this Complaint, the Defendant had a legal duty under the Federal Employer's Liability Act to provide the Plaintiff with a safe place to work, safe working conditions and safe methods for work.

8. The Defendant through the acts of its officers, agents, servants and/or the Defendant's employees other than Plaintiff failed to carry out these responsibilities, thereby breaching its duty to the Plaintiff by:

    a. Failing to provide the plaintiff with reasonably safe equipment and work conditions;

    b. Failing to promulgate, follow, and enforce reasonable rules, customs, practices, policies, and procedures for the protection of the plaintiff;

    c. Failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant, through its officers, agents, servants, and/or other employees other than Plaintiff caused, permitted and allowed the

subject seat to become and to remain in an unsafe and hazardous condition when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby;

d. Failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to promulgate, follow, and enforce reasonable rules, customs, practices, policies, and procedures for keeping the vehicle in a safe condition and proper working order for seating and driving, when defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

e. Failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to inspect the vehicle and seat when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

f. Failing to furnish and provide the Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to maintain the vehicle and its seats in proper condition when the defendant knew, or in the exercise of ordinary

care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

g. Failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to promulgate, follow, and enforce reasonable rules, customs, practices, policies, and procedures requiring regular inspections and maintenance of its vehicles when Defendant knew, or by the exercise of ordinary care should have known that it was likely its employees, including Plaintiff, would be injured thereby.

h. Negligently failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant's agents, servants, and employees, other than Plaintiff, carelessly and negligently left the truck and specifically the driver seat in a state of disrepair when Defendant's agents, servants, and employees, other than Plaintiff, knew or by the exercise of ordinary care should have known, that failing to repair said seat that Plaintiff would likely be injured thereby.

i. Negligently assigned Plaintiff to perform the tasks with a truck that had a defective driver's seat when the Defendant knew or had reason to know that such assignment would reasonably cause injury to its employees, including the Plaintiff.

9. The Defendant was negligent in each of the respects outlined in this Complaint because the Defendant knew, or by the exercise of ordinary care should

have known, that each alleged failure was reasonably likely to cause the Plaintiff to suffer bodily injury.

10. The Defendant, in each of its negligent acts alleged in this Complaint has violated the Federal Employer's Liability Act.

11. The Defendant's negligence has caused, in whole or in part, the Plaintiff to suffer the injuries described in Paragraph 6 of this Complaint, and the following damages: Physical pain and suffering (past, present and future); emotional pain and suffering (past, present and future); the impairment of his physical ability to perform work, household, and leisure activities; the reasonable value of necessary medical care received and expenses incurred as a result of his injuries; the reasonable costs of medical care necessary in the future; the value of past earnings lost as a result of the injuries; the value of future earning capacity lost because of the injuries, taking into consideration the Plaintiff's earning power, age, health, life expectancy, mental and physical abilities, habits and any other circumstances shown by the evidence; lost fringe benefits of his employment (both past and future); the reasonable value of necessary services provided by another in doing things for the Plaintiff; which except for the injury, Plaintiff would ordinarily have performed himself; and the cash value of such services reasonably certain to be required in the future.

WHEREFORE, the Plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate him for these injuries and damages listed in this Complaint, and for all pre-judgment and post-judgment interest allowed by law; all relief allowed under the Federal Employer's Liability Act; for his costs to bring this action and for all other relief deemed just and proper by this Court.

## COUNT II

## NEGLIGENCE PER SE

## (FEDERAL MOTOR VEHICLE SAFETY STANDARDS)

Plaintiff, for his cause of action against the Defendant in this Count II of this Complaint, states and alleges as follows:

12.   This action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et sequitur*, and the Federal Motor Vehicle Safety Standards, 49 C.F.R. § 581.1, *et sequitur*, as incorporated under Title 49 of U.S.C., Chapter 301, Motor Vehicle Safety.

13.   Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs numbered 1-11 of Count I of his Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14.   Defendant negligently and in violation of 49 C.F.R. §§ 581.1, et sequitur, of the Federal Motor Vehicle Safety Standards specifically, Sub-Part 571, Standard No. 207(Seating Systems), Standard No. 208 (Occupant Crash Protection), Standard No. 209 (Seatbelt Assemblies) and Standard No. 210 (Seatbelt Assembly Anchorages), failed to comply with these Standards and such failure to comply with these Standards caused Plaintiff's injuries, when the Defendant knew or by the exercise of ordinary care should have known that in failing to comply with such Standards, that employees of Defendant, including Plaintiff, would likely be injured thereby.

WHEREFORE, Plaintiff prays judgment against Defendant for actual damages, both pecuniary and non-pecuniary which are fair and reasonable for the injuries

sustained by Plaintiff, for costs herein incurred and expended, and for such other and further relief as this Court deems just and proper.

## Jury Trial Demand

The plaintiff demands a trial by jury for all issues so triable in this lawsuit of this Complaint. Fed.R.Civ.P. 38(b).

Respectfully submitted,

THE HUBBELL LAW FIRM

/s/ Gene C. Napier
Gene C. Napier
30 W Pershing Road, Suite 350
Kansas City, Missouri 64108
(816) 221-5666 Telephone
(816) 221-5259
sattia@hubbellfirm.com

ATTORNEYS FOR PLAINTIFF